## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.: 0:13-CV-02090

| | |
|---|---|
| Nathan Mahrer,<br><br>               Plaintiff,<br><br>v.<br><br>Collection Technology, Inc.<br>and Shawn Luhmann,<br><br>               Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

### JURISDICTION

1.     This action arises out of violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. ("FDCPA"), the California Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788 *et seq.* ("RFDCPA"), and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*, by Defendants and its collection agents in their illegal efforts to collect a consumer debt from Plaintiff.

2.     Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and 47 U.S.C. § 227.

3.     Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4.  Plaintiff Nathan Mahrer (hereinafter "Plaintiff") is a natural person who resides in the City of Cambridge, County of Isanti, State of Minnesota, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

5.  Defendant Collection Technology, Inc. (hereinafter "CTI") is a collection agency and foreign business corporation operating from an address of 1200 Corporate Center Drive, Suite 325, Monterey Park, California 91754, with a Minnesota agent of process of CT Corporation System, Inc., 100 South 5th Street, #1075, Minneapolis, MN 55402, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6), and a third-party servicer of defaulted student loans who is required to comply with the provisions of the Family Federal Educational Loan Program ("FFEL"), 34 C.F.R. § 682 *et seq*., in the course of its student loan collection activities.

6.  Defendant Shawn Luhmann (hereinafter "Luhmann") is a natural person who was employed at all times relevant herein by Defendant CTI as a collection agent, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

7.  In or around 2003, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a Federal Stafford Loan under the Federal Family Education Loan Program (hereinafter "FFEL") as defined by 34 C.F.R. § 682.100a(1), in the approximate amount of $1,095.60, which was used by Plaintiff to attend college.

8.  Plaintiff's alleged "debt" was money, property, or their equivalent, which was due or owing, or alleged to be due or owing, from a natural person to another person, and was therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code § 1788.2(f).

9.  Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from Plaintiff.

10. In or around June 2013, Plaintiff received a letter from Defendant CTI that was titled "Notice Prior to Wage Withholding," which threatened administrative wage garnishment unless Plaintiff entered into a repayment agreement with Defendant CTI.

11. Shortly after he received this letter, Plaintiff called Defendant CTI to discuss the account, but Defendant CTI was unwilling to discuss the debt with

Plaintiff because he would not provide the last four digits of his social security number over the telephone.

12. After multiple unsuccessful attempts to speak with Defendant CTI about this account, Plaintiff engaged the services of a third party credit counselor, Sharon Becklin, to help him try and resolve this matter.

13. On or around July 8, 2013, Plaintiff sent a letter to Defendant CTI giving them authorization to speak with Sharon Becklin on his behalf with regard to this account.

### *First Illegal Collection Call – July 12, 2013*

14. On or around July 12, 2013, Plaintiff's third party representative, Sharon Becklin (hereinafter "Plaintiff" for the purposes of this call), called Defendant CTI and spoke with their collection agent, Defendant Luhmann, who demanded payment for this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

15. Plaintiff called Defendant CTI in an attempt to negotiate a reasonable and affordable payment plan pursuant to the FFEL's rehabilitation opportunity under 34 C.F.R. § 682.405 *et seq*.

16. During this lengthy conversation, Defendant Luhmann asked multiple questions about Plaintiff's financial situation, including questions about Plaintiff's income and expenses.

-4-

17. Plaintiff provided as much information as he could in an attempt to negotiate a reasonable and affordable payment plan to rehabilitate his loan.

18. After providing all of this information, Defendant Luhmann stated that the lowest payment Defendant CTI could accept was $65.00 per month, or words to that effect.

19. Plaintiff detailed his income and expenses before certifying that he could only afford $15.00 per month to rehabilitate his loan pursuant to 34 C.F.R. § 682.405 *et seq*.

20. This offer of $15.00 monthly payments was far beyond what Plaintiff could afford, but he was willing to work with Defendant CTI to make a good faith effort to rehabilitate his loan so that upon completion of the rehabilitation, Plaintiff could enter into an income-based repayment program pursuant to his FFEL options with the Department of Education.

21. Defendant Luhmann did not accept Plaintiff's payment offer and explained to Plaintiff that Great Lakes Higher Education Corporation (hereinafter "Great Lakes"), the current servicer on this account, had suspended the rehabilitation program and did not allow Defendant CTI to enter into a reasonable and affordable repayment plan under the rehabilitation program, or words to that effect.

22.   Plaintiff was confused by this and explained that he thought there was no minimum payment amount required.

23.   Defendant Luhmann reiterated that the rehabilitation program was placed on hold and suspended by Great Lakes, or words to that effect.

24.   Plaintiff remained confused about this, explained that he would have to think about the $65.00 per month payment offer, and the call ended shortly thereafter.

25.   Defendant Luhmann's statement during this July 12, 2013, collection call that there was a minimum payment amount required on this FFEL student loan was made in direct contradiction to 34 C.F.R. § 682.405(b)(1)(iii)(B), which states that there shall be no required minimum payment amount.

26.   Defendant Luhmann's refusal to allow Plaintiff to enter into a rehabilitation program pursuant to the FFEL, specifically 34 C.F.R. § 682.405 *et seq*., by falsely stating that there was a minimum required payment amount was an unfair, false, and deceptive act in violation of the FFEL and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(10), and 1692f, amongst others.

27.   This false, deceptive and unfair representation made to Plaintiff by Defendant Luhmann was a material representation that affected and frustrated Plaintiff's

ability to respond because he now thought he would not be able to afford to rehabilitate this loan and, in addition, placed Plaintiff in fear that his wages would be administratively garnished.

28. Moreover, during this July 12, 2013, collection call, Defendant Luhmann told Plaintiff that they were unable to go forward until he provided them with three references, or words to that effect.

29. Defendant Luhmann's refusal to allow Plaintiff to enter into a rehabilitation program pursuant to the FFEL, specifically, 34 C.F.R. § 682.405 *et seq.*, by falsely stating that they were unable to go forward without three references was an unfair, false, and deceptive act in violation of the FFEL and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, amongst others.

30. This false, deceptive and unfair representation made to Plaintiff by Defendant Luhmann was a material representation that affected and frustrated Plaintiff's ability to respond because he now thought this illegal reference requirement was needed for the rehabilitation when, in fact, it was not.

31. In addition, during this July 12, 2013, collection call, Defendant Luhmann told Plaintiff that Great Lakes had suspended the rehabilitation program, or words to that effect.

32.     Defendant Luhmann's refusal to allow Plaintiff to enter into a rehabilitation program pursuant to the FFEL, specifically, 34 C.F.R. § 682.405 *et seq*., by falsely stating that program had been suspended was an unfair, false, and deceptive act in violation of the FFEL and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(10), and 1692f, amongst others.

33.     This false, deceptive and unfair representation made to Plaintiff by Defendant Luhmann was a material representation that affected and frustrated Plaintiff's ability to respond because he now thought his rehabilitation rights under federal law were suspended when, in fact, it was not.

34.     All of the above-described collection communications made to Plaintiff by Defendant Luhmann during this July 12, 2013, collection call were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

35.     Defendant Luhmann's above-described collection communications in violation of numerous and multiple provisions of the FDCPA, were therefore also collection communications in violation of the RFDCPA, Cal. Civ. Code § 1788.17.

### *Second Illegal Collection Call – July 23, 2013*

36.   On or around July 23, 2013, Defendant Luhmann contacted Plaintiff's third party representative, Sharon Becklin (hereinafter "Plaintiff" for the purposes of this call), by telephone in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

37.   During this conversation, Plaintiff again attempted to negotiate a reasonable and affordable payment plan pursuant to the FFEL's rehabilitation opportunity under 34 C.F.R. § 682.405 *et seq*.

38.   Defendant Luhmann now stated to Plaintiff that the rehabilitation program had not been suspended like he had previously stated, but that the calculator was being modified, or words to that effect.

39.   Nevertheless, Defendant Luhmann then stated that the lowest amount he could accept on this account was monthly payments of $55.00, or words to that effect.

40.   Plaintiff responded that he would not be able to afford $55.00 per month based on his limited income, and again certified that he could only afford $15.00 per month to rehabilitate his loan pursuant to 34 C.F.R. § 682.405 *et seq*.

41.   Again, this offer of $15.00 monthly payments was beyond what Plaintiff could afford, but he continued to try and work with Defendant CTI to make a good

faith effort to rehabilitate his loan so that upon completion of the rehabilitation, Plaintiff could enter into an income-based repayment program pursuant to his FFEL options with the Department of Education.

42.   Defendant Luhmann refused to accept Plaintiff's payment offer and explained that $55.00 is the lowest he would be able to take, or words to that effect.

43.   Then, after discussing Plaintiff's monthly income, Defendant Luhmann explained that if Plaintiff did not accept this minimum amount of $55.00 per month, Great Lakes would submit him to garnishment and his wages would be garnished at $388.00 per month, or words to that effect.

44.   Plaintiff continued to express his confusion about the rehabilitation program to Defendant Luhmann.

45.   Defendant Luhmann, however, was adamant that $55.00 was the lowest payment Defendant CTI could accept to rehabilitate the loan, or words to that effect.

46.   The call ended shortly thereafter.

47.   Defendant Luhmann's statement during this July 23, 2013, collection call that there was a minimum payment amount required on this FFEL student loan was made in direct contradiction to 34 C.F.R. § 682.405(b)(1)(iii)(B), which states that there shall be no required minimum payment amount.

48. Defendant Luhmann's refusal to allow Plaintiff to enter into a rehabilitation program pursuant to the FFEL, specifically 34 C.F.R. § 682.405 *et seq.*, by falsely stating that there was a minimum required payment amount was an unfair, false, and deceptive act in violation of the FFEL and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(10), and 1692f, amongst others.

49. This false, deceptive and unfair representation made to Plaintiff by Defendant Luhmann was a material representation that affected and frustrated Plaintiff's ability to respond because he now thought he would not be able to afford to rehabilitate this loan and, on top of that, it put Plaintiff in fear that his wages would be administratively garnished.

50. Moreover, during this July 23, 2013, collection call, Defendant Luhmann told Plaintiff that if he refused to make the minimum payment of $55.00 per month, he would be looking at a wage garnishment of $388.00, or words to that effect.

51. Defendant Luhmann grossly overestimated the amount that Plaintiff would be garnished.

52. Administrative wage garnishment under 31 C.F.R. § 285.11 only allows garnishment up to 15% of the consumer's disposable pay, not 15% of a

consumer's gross monthly income, which is what Defendant Luhmann used to calculate the $388.00 wage garnishment.

53. Defendant Luhmann's refusal to allow Plaintiff to enter into a rehabilitation program pursuant to the FFEL, 34 C.F.R. § 682.405 *et seq.*, by falsely stating that if he did not make $55.00 monthly payments he would be garnished $388.00 per month, was an unfair, false, and deceptive act in violation of the FFEL and in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

54. This false, deceptive and unfair representation made to Plaintiff by Defendant Luhmann was a material representation that affected and frustrated Plaintiff's ability to respond because he would not be able to afford to rehabilitate this loan at $55.00 per month, and, in addition, placed Plaintiff in fear that his wages would be administratively garnished in the amount of $388.00.

55. All of the above-described collection communications made to Plaintiff by Defendant Luhmann during this July 23, 2013, collection call were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

56. Defendant Luhmann's above-described collection communications in violation of numerous and multiple provisions of the FDCPA, were therefore also collection communications in violation of the RFDCPA, Cal. Civ. Code § 1788.17.

### *Illegal Collection Letter – July 23, 2013*

57. On or about July 23, 2013, Defendant CTI contacted Plaintiff's third party representative, Sharon Becklin (hereinafter "Plaintiff" for the purposes of this letter), by letter in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

58. This letter was received during the period where Plaintiff was attempting to negotiate a reasonable and affordable payment plan pursuant to the FFEL's rehabilitation opportunity under 34 C.F.R. § 682.405 *et seq.*

59. Among other things, Defendant CTI's letter threatened to enforce the loan through administrative wage garnishment despite the fact that Plaintiff was still attempting to negotiate a reasonable and affordable payment plan, and in contradiction to the Department of Education, which states that no account should be submitted for administrative wage garnishment while the borrower is attempting to negotiate or establish some type of reasonable and affordable repayment plan.

60. The above described false, deceptive and unfair representations made to Plaintiff by Defendant CTI were material representations that affected and frustrated Plaintiff's ability to respond to Defendant CTI as he thought his opportunity to negotiate and establish a reasonable and affordable payment plan had expired.

61. All of the above-described collection communications made to Plaintiff by Defendant CTI and other collection employees employed by Defendant CTI were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

62. Defendant CTI's above-described collection communications in violation of numerous and multiple provisions of the FDCPA, were therefore also collection communications in violation of the RFDCPA, Cal. Civ. Code § 1788.17.

### Telephone Consumer Protection Act

63. At all times relevant to this complaint, Plaintiff was a "person" as defined by the TCPA, 47 U.S.C. § 153(39).

64. At all times relevant to this complaint, Defendants owned, operated, and/or controlled "customer premises equipment" as defined by the TCPA, 47 U.S.C. § 153(16), that originated, routed, and/or terminated telecommunications.

65.     Defendants, at all times relevant to the complaint herein, engaged in "telecommunications" as defined by the TCPA, 47 U.S.C. § 153(50).

66.     Defendants, at all times relevant to the complaint herein, engaged in "interstate communications" by the TCPA, 47 U.S.C. § 153(28).

67.     At all times relevant to this complaint, Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA, 47 U.S.C. § 153(59), that existed as instrumentalities of interstate and intrastate commerce.

68.     At all times relevant to this complaint, Defendants used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA, 47 U.S.C. § 227(a)(1) and 47 C.F.R. 64.1200(f)(1).

### *Illegal Auto-Dialed Collection Calls in Violation of the TCPA and FDCPA*

69.     Within four (4) years immediately preceding the filing of this lawsuit, Defendants telephoned Plaintiff's cellular phone on numerous occasions, in violation of the TCPA.

70.     Plaintiff has never consented to receiving auto-dialed calls from Defendants on this number.

71.     Without Plaintiff's prior express consent, Defendants repeatedly called Plaintiff on his cell phone number using an automatic telephone dialing system in an attempt to collect these alleged and disputed debts.

72.   All of the calls from Defendants were made to Plaintiff in willful violation of the TCPA and the FDCPA because Defendant never obtained Plaintiff's prior express consent, and had no basis to believe that they had Plaintiff's prior express consent to make such automated dials to his cellular telephone.

73.   Defendants have repeatedly and willfully contacted Plaintiff on his cellular telephone, all of which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2), and in violation of the FDCPA and TCPA.

74.   Defendants' repeated autodialed collection calls to Plaintiff's cell phone within the last year prior to filing this complaint, were illegal attempts to collect these debts in violation of numerous and multiple provisions of the FDCPA.

75.   Defendants' repeated autodialed collection calls to Plaintiff's cell phone, within the last four years prior to filing this complaint, were illegal and in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

### *Summary*

76.   During their collection communications, Defendants and the individual debt collectors employed by Defendant CTI repeatedly misrepresented Plaintiff's right to rehabilitate this loan under a reasonable and affordable payment plan in violation of the FFEL and in violation of numerous and multiple provisions

of the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692e(2), 1692e(4), 1692e(5), 1692e(10), and 1692f, amongst others.

77.   All of the above-described collection communications made to Plaintiff by each individual Defendant and other collection employees employed by Defendant CTI, were made in violation of numerous and multiple provisions of the FDCPA, RFDPCA and TCPA, including but not limited to all of the provisions of the FDCPA, RFDCPA and TCPA cited herein.

### *Respondeat Superior Liability*

78.   The acts and omissions of these individual Defendants, and the other debt collectors employed as agents by Defendant CTI who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant CTI.

79.   The acts and omissions by these individual Defendants and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant CTI in collecting consumer debts.

80.   By committing these acts and omissions against Plaintiff, these individual Defendants and these other debt collectors were motivated to benefit their principal, Defendant CTI.

81.  Defendant CTI is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA, TCPA and California Law in their attempts to collect this debt from Plaintiff.

## TRIAL BY JURY

82.  Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed. R. Civ. P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 *et seq.*

83.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

84.  The foregoing acts and omissions of each Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 *et seq.*, with respect to Plaintiff.

85.  As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in

an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each Defendant herein.

## COUNT II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE § 1788 *et seq.*

86.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

87.  The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the RFDCPA as to Plaintiff, including but not limited to Cal. Civ. Code § 1788.17, amongst others.

88.  As a result of Defendants' violations of the RFDCPA, Plaintiff is entitled to actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c), from each and every Defendant.

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

### 47 U.S.C. § 227 *et seq.*

89.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

90.   Within the four (4) year period immediately preceding this action, Defendants have made numerous calls to Plaintiff's cellular telephone services using an automatic telephone dialing system in violation of the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

91.   The acts and omissions of Defendants at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

92.   As a causally direct and legally proximate result of the above violations of the TCPA and the C.F.R., Defendants at all times material and relevant hereto, as described in this Complaint, caused Plaintiff to sustain damages.

93.   Defendants did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call Plaintiff's cellular telephone.

94.   Under 47 U.S.C. § 227(b)(3)(B), Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

95.   Defendants willfully and knowingly violated the TCPA, and as such
      Plaintiff is entitled to $1,500.00 per phone call made to Plaintiff pursuant to
      47 U.S.C. § 227(b)(3).

96.   Plaintiff is entitled to injunctive relief prohibiting Defendants from
      contacting Plaintiff on his cellular phone using an automated dialing system
      pursuant to 47 U.S.C. § 227(b)(3)(a).

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant:

**COUNT I.**

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

**15 U.S.C. § 1692 *et seq.***

- for an award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1)
  against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C.
  §1692k(a)(2)(A) against each Defendant and for Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant
  to 15 U.S.C. § 1692k(a)(3) against each Defendant and for Plaintiff;

## COUNT II.

## VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

## CALIFORNIA CIVIL CODE § 1788 *et seq.*

- for an award of actual damages pursuant to California Civil Code § 1788.30(a) against each Defendant and for Plaintiff;

- for an award of statutory damages of $1,000.00 against each Defendant, pursuant to California Civil Code § 1788.30(b), and for Plaintiff;

- for reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c);

## COUNT III.

## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT

## 47 U.S.C. § 227 *et seq.*

- for an award of statutory damages of $500.00 per call pursuant to 47 U.S.C. § 227(b)(3)(B) against Defendants and for Plaintiff;

- for an award of treble damages of $1,500.00 per call pursuant to 47 U.S.C. § 227(b)(3) against Defendants and for Plaintiff;

- for an injunction prohibiting Defendants from contacting Plaintiff on his cellular phones using an automated dialing system pursuant to the 47 U.S.C. § 227(b)(3)(a); and;

- for such other and further relief as may be just and proper.

***Signature Block Follows***

Dated: July 31, 2013                    Respectfully submitted,

                                        **BARRY, SLADE, WHEATON**
                                        **& HELWIG, LLC**

                                        By:  s/ Patrick J. Helwig
                                        Patrick J. Helwig, Esq.
                                        Attorney I.D.#0391787
                                        Christopher S. Wheaton, Esq.
                                        Attorney I.D.#0389272
                                        2701 University Ave. SE, Suite 209
                                        Minneapolis, Minnesota 55414-3236
                                        Telephone:  (612) 379-8800
                                        Facsimile: (612) 379-8810
                                        phelwig@lawpoint.com
                                        cwheaton@lawpoint.com

                                        **Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF MINNESOTA                )
                                                      ) ss
COUNTY OF HENNEPIN           )

Pursuant to 28 U.S.C. § 1746, Plaintiff Nathan Mahrer, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ___July___ ___31___, ___2013___
                              Month        Day        Year

_____
                                                   Signature